UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LAWRENCE ROBINSON,               )
                                 )
            Movant,              )
                                 )
       v.                        )      No. 1:07-CV-76-CDP
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )


**ORDER AND MEMORANDUM**

This matter is before the Court upon the filing of Lawrence Robinson's "Motion for Relief Pursuant to 18 U.S.C. § 3582; or, Alternative Motion Pursuant 28 U.S.C. § 2255" [Doc. #1].

**Background**

On August 22, 1996, movant pleaded guilty to violating 18 U.S.C. § 922(g)(1) (felon in possession of firearm); he was sentenced on December 2, 1996. This Court's Judgment stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred eighty (180) months, to run concurrently with Scott County, Missouri Circuit Court Docket No. CR595-658FX, but consecutively to Scott County, Missouri Circuit Court Docket Nos. CR590-994FX and CR391-33F.

On October 18, 2002, movant moved for modification of his sentence, asking this Court to order that his sentence run concurrently with

his state court sentence from Scott County in Case No. CR595-658FX.

In denying said motion, this Court stated:

> [M]y judgment already ruled that the federal
> sentence was to be served concurrently with
> the sentence in docket number CR595-658FX.
> Implicit in that judgment was the
> understanding that the federal sentence would
> run concurrently with the <u>undischarged</u> portion
> of the state sentence, because I did not order
> that he be given credit for any time served in
> state court <u>before</u> imposition of the federal
> sentence [Doc. #42].

In the instant action, movant "seeks specific enforcement of the sentence imposed and pursuant to the understanding of the plea agreement."  Movant claims, as follows:

> Federal prison authorities have represented to
> [him] that although the Judgment ordered that
> the federal sentence run concurrent with the
> undischarged portion of Scott County case no.
> CR595-658FX, it could not grant the credit on
> the federal sentence due to the fact he was
> receiving the credit from the state on that
> state sentence.

Movant claims that the Bureau of Prisons ("BOP") "is confusing pre-trial jail credit (18 U.S.C. 3585), with the actual imposition of a sentence (18 U.S.C. 3584(a))."  Movant further claims that, because of the BOP's incorrect position, the order of this Court has not been carried out.

### Discussion

### A.  Title 18 U.S.C. § 3582(c)

Title 18 U.S.C. § 3582(c) ("Modification of an imposed term of imprisonment") provides that a Court may not modify a term

of imprisonment once it has been imposed except when certain situations and conditions exist. Because these situations and conditions do not exist here, there is no statutory basis for modification of movant's sentence based on § 3582. Therefore, the Court finds movant's argument to be legally frivolous.

## B. 28 U.S.C. § 2255

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant's conviction became final ten days after December 2, 1996, which is when his time for filing an appeal expired. See Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998). Because movant's conviction became final before the enactment of the AEDPA, he is entitled to a one-year grace period, see Paige v. United States, 171 F.3d 559, 560 (8th Cir. 1999), ending on April 24, 1997, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999), in which to file his § 2255 petition. Movant filed the instant petition to this Court well after the running of the one-year grace period of April 24, 1997.

Moreover, movant is not actually challenging his underlying conviction or sentence, but rather the manner in which the BOP is carrying out his sentence. It is axiomatic that a § 2255 motion is the proper means to challenge the validity or lawfulness of a conviction, but a § 2241 petition is the proper means to challenge the execution of a sentence. Therefore, the Court will deny § 2255 relief.

**C. 28 U.S.C. § 2241**

A district court's jurisdiction over writs filed pursuant to § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. See 28 U.S.C. § 2241; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). This Court will not

4

liberally construe the instant action under 28 U.S.C. § 2241, because movant is currently confined at FCI-Forrest City in Forrest City, Arkansas, and therefore, his custodian is located within the Eastern District of Arkansas. As such, if movant wishes to pursue his claim by filing a § 2241 action, he must do so in the judicial district in which his custodian is located.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's "Motion for Relief Pursuant to 18 U.S.C. § 3582; or, Alternative Motion Pursuant 28 U.S.C. § 2255" [Doc. #1] is **DENIED**.

An appropriate order will accompany this order and memorandum.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2007.